**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 19, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CHRISTINA D. THUNDATHIL,

     Plaintiff - Appellant,

v.

JEFFERSON B. SESSIONS, III, United
States Attorney General; JAMES MATTIS,
Secretary of Defense; JONI ERNST,
Lieutenant Colonel, Iowa National Guard;
CHRISTOPHER A. WRAY, Director of
the FBI; RYAN D. McCARTHY,
Secretary of the Army; THOMAS
HAWLEY, Deputy Undersecretary of the
Army; LARRY STUBBLEFIELD,
Undersecretary of the Army for Diversity;
MARK S. INCH, CID Commanding
General; JASON T. LEOFFLER,
Investigator, United States Department
Office of Inspector General, individual
capacity,*

     Defendants - Appellees.

No. 16-6343
(D.C. No. 5:14-CV-01100-D)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**\*\*

_____

    \* Pursuant to Fed. R. App. P. 43(c)(2), Chuck Hagel is replaced by James
Mattis as the Secretary of Defense, James Comey is replaced by Christopher A. Wray
as FBI Director, and John M. McHugh is replaced by Ryan D. McCarthy as Secretary
of the Army.

    \*\* After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral

(continued)

_____

Before **TYMKOVICH**, Chief Judge, **BALDOCK** and **HOLMES**, Circuit Judges.
_____

Christina Thundathil appeals from the dismissal of her First Amended Complaint and the denial of her motion to transfer.[1]  Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

I.

In her First Amended Complaint,[2] Ms. Thundathil alleged that the defendants violated her "civil rights during her short military service and after her military service."  Aplt. App. at 26.[3]  She further alleged that she was falsely accused and retaliated against by the defendants.

_____

estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Ms. Thundathil is represented by counsel on appeal, but she proceeded pro se in the district court from the filing of her initial complaint in October 2014 until counsel entered an appearance on her behalf in May 2016.  The briefing on the motion to dismiss and motion for transfer at issue in this appeal had already been completed by the time counsel entered his appearance.  The district court entered its dispositive order in September 2016.

[2] Ms. Thundathil's initial complaint was dismissed without prejudice.

[3] We note that the copy of the First Amended Complaint that is included in the appendix does not show the electronic file stamp from the district court as required by this court's rules.  *See* 10th Cir. R. 30.1(D)(2).  We further note that the original page numbers are covered over, which makes it difficult to correlate the district court's page references to the First Amended Complaint with the copy that is in the appendix.

Ms. Thundathil was on active duty with the United States Army from 2002 to 2004. The bulk of the allegations in the First Amended Complaint relate to her alleged rape on January 1, 2004, and the Army's treatment of her after that incident. She claimed that she promptly reported the rape, and her report was investigated by defendant Jason Leoffler of the Army's Criminal Investigative Division (CID). She alleged that Agent Leoffler failed to conduct an adequate investigation and later coerced her into changing her sworn statement, which resulted in charges against her under Article 15 of the Uniform Code of Military Justice for swearing to a false statement and making a false report.

She was discharged from the Army shortly after the rape. She later undertook her own investigation into the sexual assault and began efforts to remove the related Article 15 charges from her record. She claimed that "[s]ince 2004 [she] has tried to correct the errors and prove that she was retaliated against by the Defendants." *Id*. She asserted that she was successful in having one of the charges removed—swearing to a false statement—but was unable to have the more serious charge of making a false report removed. She continued to pursue removal of the false-report charge by filing an application with the Army Board for the Correction of Military Records (ABCMR). But she alleged she was unsuccessful in that effort, "[s]o, [she] went back to the drawing board." *Id*. at 40.

Ms. Thundathil continued her own investigation and her attempts to "clear her name," speaking with various individuals in the CID. *Id*. at 41. After these efforts, she "went to the Pentagon with everything she found." *Id*. at 42. Defendant Larry

Stubblefield, the Undersecretary of the Army for Diversity, was assigned to help her, but she explained that talks between her and Mr. Stubblefield "deteriorated." *Id.* at 43. She alleged that "despite her attempts to correct what had been done to her [she] was blackballed each time." *Id.* Ultimately, Ms. Thundathil filed the action that is the subject of this appeal.

The First Amended Complaint enumerated five legal bases for recovery: (1) the Civil Rights Act of 1991 for "discrimination based on retaliation"; (2) the Supreme Court's decision in *University of Texas Southwestern Medical Center v. Nassar*, 133 S. Ct. 2517 (2013), for retaliation (3) the Supreme Court's decision in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for violating her Constitutional rights; (4) the Privacy Act of 1974, 5 U.S.C. § 522a; and (5) 42 U.S.C. § 1983. Aplt. App. at 46.

The defendants moved to dismiss the First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. The district court granted the motion to dismiss, concluding that it lacked subject matter jurisdiction over Ms. Thundathil's action against the Army, CID, and the Department of Defense except under the Privacy Act. The court also concluded that the First Amended Complaint otherwise failed to state a plausible claim against any of the defendants. The court denied as moot Ms. Thundathil's motion to transfer one of her claims to

4

the United States Court of Federal Claims.  Ms. Thundathil now appeals from the

district court's decision.[4]

---

[4] We admonish Ms. Thundathil's counsel for filing a completely inadequate appendix to review the issues on appeal.  "When the appeal is from an order disposing of a motion . . . , the motion . . . and any responses and replies filed in connection with that motion . . . must be included in the record."  10th Cir. R. 10.3(D)(2); *see also* 10th Cir. R. 30.1(B)(1) ("The requirements of Rule 10.3 for the contents of a record on appeal apply to appellant's appendix.").  Although she argues that the district court erred in dismissing her complaint, Ms. Thundathil has not included in her appendix a copy of the defendants' motion to dismiss, her response to the motion, or the government's reply to the motion.  Likewise, although she challenges the district court's denial of her motion to transfer, she has not included her motion, the defendants' response, or her reply.

As the appellant, Ms. Thundathil is required to file an appendix that is "sufficient for considering and deciding the issues on appeal."  10th Cir. R. 30.1(B)(1).  She has failed to do so.  "If the appendix and its supplements are not sufficient to decide an issue, we have no obligation to go further and examine documents that should have been included, and we regularly refuse to hear claims predicated on record evidence not in the appendix."  *Milligan-Hitt v. Bd. of Trs.*, 523 F.3d 1219, 1231 (10th Cir. 2008).  Due to the inadequacy of her appendix, we could summarily affirm the district court's decision.  *See e.g.*, *Travelers Indem. Co. v. Accurate Autobody, Inc.*, 340 F.3d 1118, 1121 (10th Cir. 2003).  But "we retain the *authority* to go beyond the appendix if we wish, because all of the transcripts . . . and documents and exhibits filed in district court remain in the record regardless of what the parties put in the appendix."  *Milligan-Hitt*, 523 F.3d at 1231 (footnote omitted).  In an exercise of our discretion, we elect in this instance to review the relevant documents in the district court record, especially since we do not face significant impediments to doing so.  *Cf. Burnett v. Sw. Bell Tel., L.P.,* 555 F.3d 906, 910 (10th Cir. 2009) (noting, in the context of summarily affirming the district court's summary-judgment decision, that "the exhibits are filed under seal, [and] we cannot even discern the nature, and thus relevancy, of many of the missing exhibits as they lack descriptive titles on the docket sheet").

We further admonish counsel for including in the appendix a copy of the ABCMR's decision, *see* Aplt. App. at 83-89.  This document was never filed in the district court and is therefore not part of the district court record.  We will not consider on appeal a document that was not before the district court.  *See Alvarado v. KOB-TV, L.L.C.,* 493 F.3d 1210, 1216 n.4 (10th Cir. 2007).

(continued)

II.

We review de novo a district court's dismissal under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  *See Satterfield v. Malloy*, 700 F.3d 1231, 1234 (10th Cir. 2012).  We review for abuse of discretion the denial of a motion to transfer.  *See Trujillo v. Williams*, 465 F.3d 1210, 1222-23 (10th Cir. 2006).

In her opening appellate brief, Ms. Thundathil explains that she "has chosen not to argue . . . [the] Federal Torts [sic] Claims Act, Civil Rights Act of 1991, Civil Rights Violations and Individual Liability under *Bivens*, and Privacy Act claims." Aplt. Br. at 5.  Instead, she argues that the district court erred when it determined that she had failed to seek judicial review of the ABCMR's decision denying her application to correct her military records.  She also argues if the district court determined it did not have jurisdiction, it should have transferred her case to the Court of Federal Claims.  We see no basis on which to reverse the district court's judgment.

A.

In its decision, the district court concluded that Ms. Thundathil was asserting a claim under the Privacy Act for the Army's failure to review the denial of her request to amend her military record.  The court denied relief on the Privacy Act claim, but noted that it had previously explained to Ms. Thundathil that "a federal district court may have jurisdiction to review an adverse decision of a military board, such as the

6

Army Board for Correction of Military Records (ABCMR), under certain circumstances." Aplt. App. at 69. It concluded, however, that "[d]espite the Court's explanation of [this avenue] of relief, it appears that [Ms. Thundathil] has elected not to pursue [this] type of action in the First Amended Complaint." *Id.* The court reached this conclusion because Ms. Thundathil did "not identify any final decision of the ABCMR for which judicial review is sought." *Id.* It therefore found "no other cognizable claim regarding [her] military records on which she can proceed under the First Amended Complaint." *Id.*

"Although a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers, this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (brackets, citations, and internal quotation marks omitted). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). And pro se plaintiffs must still "allege the necessary underlying facts to support a claim under a particular legal theory." *Hammons v. Saffle*, 348 F.3d 1250, 1258 (10th Cir. 2003). Even construing Ms. Thundathil's pro se First Amended Complaint liberally, it does not contain any allegations about the ABCMR's decision that meet Rule 8's standard or state a plausible claim for relief. *See Twombly*, 550

7

U.S. at 570 (explaining that to survive a motion to dismiss, a plaintiff must plead "enough facts to state claim that is plausible on its face").

Ms. Thundathil argues that she "twice gave the trial court notice of the adverse ABCMR decision against her." Aplt. Br. at 9. And, "[i]n identifying the final ABCMR decision and requesting relief in the form of a records correction, [she] alleged the necessary underlying facts to support her claim that the trial court had jurisdiction to review her adverse ABCMR decision." *Id*. at 9-10. We disagree with Ms. Thundathil that these two references to the ABCMR decision were sufficient to put the court or the defendants on notice that she was seeking judicial review of that decision.

Ms. Thundathil asserts that she first gave notice by including a letter from the Army Review Board as an attachment to her complaint that made reference to her request for reconsideration of the ABCMR decision. This letter cannot provide notice of any claim in Ms. Thundathil's First Amended Complaint, however, because it was not attached to that complaint; instead, it was attached to her initial complaint filed in October 2014, *see* Aplt. App. at 71. Her initial complaint was dismissed and was replaced by her First Amended Complaint, which supersedes the original. *See Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir. 2007) (explaining that "an amended complaint supercedes an original complaint and renders the original complaint without legal effect" (internal quotation marks omitted)).

She next asserts that she made the trial court aware of the adverse ABCMR decision in her amended complaint by stating that "'[she] continued to pursue

8

[removing the false-report charge from her records] by filing with the ABCMR. They said no change.'" Aplt. Br. at 9 (quoting Aplt. App. at 40). But these statements do not put the parties or the court on notice that she was seeking review of the ABCMR's decision. This is especially true in light of the next sentence, which states: "So, Plaintiff went back to the drawing board." Aplt. App. at 40. Ms. Thundathil then went on to describe other avenues she pursued to correct her records. *See id.* at 40-44. She did not mention the ABCMR decision again for the remainder of her complaint. *See id.* at 40-53.

Although a "servicemember can seek [judicial] review of a decision by the ABCMR under the Administrative Procedure Act (APA)," *Hanson v. Wyatt*, 552 F.3d 1148, 1150 (10th Cir. 2008), Ms. Thundathil did not mention the APA anywhere in her First Amended Complaint, even though she referenced other statutory bases for her claims in the jurisdiction, legal framework, and legal arguments sections. *See* Aplt. App. at 45-47; 49-52. Moreover, the allegations in her complaint regarding correcting her records relate exclusively to her Privacy Act claim. In her legal arguments section, she alleged that after she requested amendment of her records, the Army violated the Privacy Act when it failed to correct her records or to notify her that they were refusing to correct her records. *See id.* at 49-50. As she explained, "at no time . . . did CID inform [her] they would not change the record. *This is the entire point of the suit.* When [she] tried to correct it, she never got anything in writing saying 'we need an extension of 30 days' which is allowed by the Privacy Act nor did they write to her and say, 'No we are not fixing it.'" *Id.* at 50 (emphasis added). We

9

agree with the district court's determination that the First Amended Complaint did not contain a cognizable claim seeking judicial review of the ABCMR's decision regarding Ms. Thundathil's military records.

B.

In dismissing her initial complaint, the district court noted that "Plaintiff seeks damages via an upgraded discharge of '$85,000; return of rank per removal of Article 15 from upgrade discharge, and back pay.'" R., Doc. 45 at 13 (quoting Aplt. App. at 22). The district court concluded that "[t]hese compensatory claims appear to fall within the exclusive Tucker Act jurisdiction of the United States Court of Federal Claims." *Id*. "The Tucker Act, 28 U.S.C. §§ 1346, 1491, vests exclusive jurisdiction with the Court of Federal Claims for claims against the United States founded upon the Constitution, Acts of Congress, executive regulations, or contracts and seeking amounts greater than $10,000." *Burkins v. United States*, 112 F.3d 444, 449 (10th Cir. 1997) (internal quotation marks omitted).

About two weeks after the dismissal of her initial complaint, Ms. Thundathil filed her First Amended Complaint. That complaint did not contain any requests for monetary damages against the United States. *See* Aplt. App. at 53. Two months later, Ms. Thundathil filed her motion to transfer. In that motion, she "petition[ed] the court to transfer Administrative Claim (Tucker Act) to the United States Court of Federal Claims." R., Doc. 65 at 2.

In its decision, the district court noted that it appeared Ms. Thundathil had elected not to pursue a claim under the Tucker Act because she did not "articulate

10

any basis for monetary compensation from the Army" in her First Amended Complaint. Aplt. App. at 69. The court therefore denied the motion to transfer as moot. Ms. Thundathil has not shown that the district court abused its discretion in denying the motion to transfer.

III.

For the foregoing reasons, we affirm the judgment of the district court.

Entered for the Court


Jerome A. Holmes
Circuit Judge